**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Adaina Martinez, | No. CV-20-01085-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Blue Force Express Incorporated, et al., | |
| Defendants. | |

On June 6, 2020, Defendants removed this action solely on the basis of diversity jurisdiction. (Doc. 1 ¶ 6.) On June 11, 2020, this action was reassigned to the undersigned judge. (Doc. 11.)

On June 16, 2020, the Court ordered Defendants to file an amended notice of removal to properly allege the citizenship of (1) Plaintiff, (2) Defendant Jorge Antonio Lara Martinez, and (3) Martinez's spouse, identified in the complaint as "Jane Doe Martinez." (Doc. 13 at 2.)

On June 29, 2020, Defendants filed an amended notice of removal, which affirmatively states that Plaintiff is a citizen of Arizona and Defendant Jorge Antonio Lara Martinez is a citizen of California. (Doc. 14 ¶¶ 3-4.) The amended notice does not allege the citizenship of Martinez's spouse.

Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." The party seeking to invoke diversity jurisdiction has the burden of

proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34.

Pursuant to 28 U.S.C. § 1441, "[i]n determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded." However, if "the plaintiff has described the Doe defendants so that their identity is clear, or if the defendants are better equipped than are plaintiffs to ascertain the Doe defendants' citizenship, or if the Doe defendant is an agent of a company, a few federal courts have permitted the actual identity of a non-diverse Doe defendant to destroy diversity jurisdiction upon removal." § 3723 Removal Based on Diversity of Citizenship and Alienage Jurisdiction, 14C Fed. Prac. & Proc. Juris. § 3723 (Rev. 4th ed.). Although fictitious parties are properly ignored "when a plaintiff's Doe allegations 'give no clue' as to the fictitious party's identity," they can be cause for remand when the Does are identified with sufficient specificity to defeat diversity jurisdiction. *Green v. Mut. of Omaha*, 550 F. Supp. 815, 818 (N.D. Cal. 1982).

Defendants can easily ascertain the identity of Martinez's spouse, and Defendants bear the burden of proving diversity jurisdiction by a preponderance of the evidence.

Accordingly,

**IT IS ORDERED** that Defendants shall either (1) voluntarily remand this action or (2) show cause why this action should not be remanded for lack of subject matter jurisdiction by filing a memorandum, not to exceed five pages, by **July 13, 2020**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall remand this action to Maricopa County Superior Court without further notice if Defendants fail to file a memorandum in response to the order to show cause by July 13, 2020.

Dated this 30th day of June, 2020.

Dominic W. Lanza
United States District Judge